Good morning. May it please the Court, Bill Tice for Mr. Foston. Mr. Foston is here today asking to set aside his guilty plea and so of course the case is here for plain-air review and he's asking that it be set aside because the judge did not explain to him the nature of the RICO conspiracy charge. The only reference that the judge made to the charge was to inform the defendant that he was charged with RICO conspiracy. Let's assume that that's an error. What reason do we have under the Dominguez Benitez case? You have to show a reasonable probability that but for the error, Foston would not have entered his plea. Now my understanding is that the sole punishment for the RICO charge was a concurrent term of imprisonment, well plus $100 special assessment. So if this gets set aside, your client loses the reduction for accepting responsibility and gets effectively nothing in exchange. Why would a sensible person do that? Well first of all, if he were not being sentenced for the RICO conspiracy charge, your honor's right, he would most likely lose acceptance of responsibility but the calculation of the guidelines would be significantly different because without the RICO conviction you don't have a grouping of people. And of course the RICO charge is a charge that looks pretty bad and we just don't know when you take that out of the equation. The one thing we do know is that his guideline calculations would be different and what we don't know is whether there would be an even greater impact because a judge looking at the case would say, I've got a defendant in front of me who's got a pretty bad record and did some bad things but he's not a RICO defendant. So the other question I do want to plan to speak to, and I'll get to it now, is he had a reasonable probability of being acquitted had he gone to trial because on the record we have there was a missing element for RICO conspiracy. And in this context the government can come back and give this court any information that it can find in the record, in the PSR, to suggest that he really would have been guilty of RICO conspiracy. And the government, I guess they thought they attempted to do that but they really haven't succeeded because all they did was to bring in information about how the co-defendant had pleaded guilty to the robbery. But the whole point of this is that robbing someone, even with other members of the gang, is not committing a RICO conspiracy. The missing link was that there was no evidence that these people, when they were robbing individuals, were somehow sharing the proceeds with the leaders of the conspiracy or giving them a cut of the action. And the government had that opportunity if they could find the evidence and apparently they didn't because the brief really doesn't even make that claim. Now we've, in answer to your question Judge Easterbrook, we've assumed that this was an error. I don't know if the panel wants to hear any argument as to why it was an error. Your time is yours to use as you think best. I have a question about that. Do you see any inconsistency in our case law, Mr. Tice, because we've got Brower v. Raffensperger which says that to conspire to violate 1962 C, the defendant must agree to perform services of a kind which facilitate the enterprise. That's what you are drawing our attention to. Then we've got Farmer which lists the elements of a RICO conspiracy as three things. An agreement to participate in the affairs of two, an enterprise. Three, through a pattern of racketeering activity and that's the two related acts of racketeering. It doesn't mention an agreement to perform services facilitating the enterprise's operation. So can you address that? I don't think that that Farmer is inconsistent. In fact, Farmer I think is a pretty helpful case for Faustin because in Farmer the court accepted without much comment that part of being in a RICO conspiracy is that you're kicking back the proceeds of your legal activities to the leadership. And in Farmer the court says well we've got more general answer. When Neapolitan talked about there being two agreements in a RICO conspiracy, that was sort of subpart A and then subpart B is is the the cases like Raffensperger and Swan and Cummings. And I think the pattern instruction really captures where the circuit's case law is. Now of course we all know that the pattern instructions are not the law of the circuit but they do represent a fairly well considered and intelligent appreciation of where the law seems to stand. So Mr. Tice your argument is that the error itself is is plain because there isn't an inconsistency in the case law. Correct. When you consider these these RICO conspiracy cases you have to conspire to further the the the goals and the ends of the leaders and in the organizers. So I don't see that there's a any inconsistency. And the pattern instructions I think represent how you can take a consistent view of these cases. If there are any further questions I'll just reserve the rest of the time Certainly counsel. Mr. Fullerton. Good morning. May it please the court. The district court appropriately accepted Mr. Faustin's plea. His factual basis covered all the required elements of the there was a an agreement to conduct the affairs of an enterprise through a pattern of racketeering activity and to conduct and participate and he also agreed to conduct and participate in in those affairs. Now that the written statement in the fact in his plea declaration that he authored with the assistance of counsel and agreed to as being accurate and this had been explained covered all the elements. The one element that Mr. Faustin takes issue with on appeal is this argument that there's no admission to having himself agreed to facilitate the operations or management of the enterprise. However the admissions in the plea declaration include the fact that the gang, the LAFA gang was an enterprise which conducted its affairs through a pattern of unlawful activity including robberies to enrich its members. And one of the things that Faustin agreed to or admitted to in his plea declaration was that he committed a that would be one to enrich himself and the other associates in the gang. The other thing that he admitted to the other act crime that he admitted to in the plea declaration was the witness intimidation and that had been alleged as a one of the purposes or means or methods of the Rico conspiracy that the gang conducted its affairs through a pattern of unlawful activity including witness intimidation to prevent the detection by law enforcement of their actions and to avoid punishment. And Faustin's plea declaration admitted that the witness intimidation that he carried out was in fact to prevent the communication to law enforcement about the robbery that he had committed with 29 page plea declaration. What is your response to Mr. Tice's argument with regard to there not being difference between the 2000 case in 2022 case? Well I would say even granted Mr. Tice's interpretation of the requirements of the Rico conspiracy this plea declaration fulfills all those requirements. If we're going on what's set forth in the pattern instruction Mr. Faustin did conspire to conduct the affair to facilitate the operations or management of the enterprise. He himself was an operator in the enterprise. He carried out operations of the enterprise namely robbery to prevent law enforcement from detecting and punishing the members of the gang in their criminal activity that they carried out as part of the gang. So if he had to as Mr. Tice urges agree to facilitate the operations of the gang he himself was an operator. He was conducting operations of the gang that were within the scope of the agreement, fulfilled the purposes of gang and that word that were admitted to in the plea declaration. So there's no there's no gap there's no missing element. The plea declaration covered all the required elements even under Faustin's argument on appeal here and there was no plain error. I mean that the district court had before it a defendant who understood the elements who admitted the elements who had had the elements explained to him by his attorney who had no questions about things but that the plea how it were what the charge was. There's that even a notation I think at the plea declaration that there's a handwritten revision page seven or eight so obviously there was review correct? Yes and that that sort of thing was covered in the plea colloquy with the district court that went on at some length. Let me ask you a broader question. Recall conspiracies are more complex and less intuitive than other conspiracy claims and then and then cases or charges that don't involve conspiracies. Should district courts do more to ensure that defendants understand the nature of the charges? Well certainly that the courts need to ensure that the defendant understands the elements and if the elements are complicated more is going to be required. A RICO conspiracy such as this does require more because there are more sort of moving parts. There has to be you know an enterprise, a pattern, a conspiracy, etc. that does require more understanding on the part of the defendant. Here the district court was assured that Faustin understood what was required of his plea because Faustin's plea covered all those elements. I guess you know even if we agree with you what you're saying is coming from the defendant where do we see the district court doing more or assuring more? Well yes the district court itself could have explained from its from the bench what the required elements were. But that's not required under Rule 11. What is required is that the court assure itself that the defendant understood the nature of the charge that he was pleading guilty to. So there's no, I don't believe there's any kind of requirement that the court hold forth on what the required elements are. It could have done that. It could have explained it. Maybe it would have been a better practice but it wasn't required and Faustin evidenced his understanding of the required elements through his admissions in the plea declaration. I guess I'm just trying to marry your statement just now that district courts should do more when we're talking about something like a legal conspiracy. Right, well I think the court, you know, had the court been presented with a thorough plea declaration it might have had, it might have then been required to tease out from Faustin and Faustin's attorney and from the prosecutor what the elements were that Faustin was pleading guilty to. Here that wasn't required. This plea declaration thoroughly covered everything. So no, nothing further was required by the court in making sure that Faustin understood the elements of count one. Unless there are further questions from the court we would ask you to affirm Faustin's conviction on count one of the indictment. Thank you. Thank you Mr. Fullerton. Anything further Mr. Tice? We heard just now that the plea could be valid because Faustin was an operator of the RICO Enterprise. First of all it's questionable as to whether someone in his position is an operator but the essence of the RICO conspiracy is that you are agreeing to facilitate the ends of the operators of the Enterprise. So if street gang member A goes out and robs someone of their bus fare, comes home and keeps the money to himself, I guess you could talk about how he was facilitating his activities as an operator of the Enterprise but he's certainly not agreeing to facilitate anybody else and that's where the government's argument really falls apart. What we have here is a situation where the judge didn't tell the defendant what the elements were. The judge didn't even make a specific finding that the defendant knew the nature of the charge. All we've got is what the defendant's lawyer told him and we know that the lawyer gave him bad information on the penalty. We're not trying to set aside the plea because he got bad information on the penalty but if we're going to say he knew what was going on because he had this super competent lawyer who was advising him, well the super competent lawyer at least on that day wasn't having such a great day. Although we have more than the Rule 11 colloquy, we've also got the lengthy plea declaration and that's signed by the defendant, signed by his lawyer, that's also part of the record, it's in front of the court. It's very lengthy but it's missing one part that really counts. He never said I had some intention to benefit the other guys, that this was not my own activity. And I want to make sure we're clear about something. He did that robbery with two other people who were also gang members but there were people like him, they weren't kicking back to higher-ups, they went out and they did something together. Still the missing link and the if it had the ammunition, it could have come back and given this court the requisite information. It didn't do so. It's not there. Thank you. Thank you counsel. Mr. Tice, the court appreciates your willingness to accept the appointment in this case and your assistance to the court as well as your client.